## SMITH *et al. v.* WILSON *et al.*

*Simmons, C. J.*—1. It was lawful, in 1857, for a widow who was the administratrix of her deceased husband, after selling and conveying in her individual name and right her life-estate in the land which had been assigned to her as dower, to sell as

administratrix the reversion therein, such sale being made under an order of the court of ordinary granting her leave as administratrix to sell all the realty of her intestate.

2. In the present case, the deed from the administratrix to the purchaser at the sale in question sufficiently described the land embraced in the reversion.

3. The charge complained of was not adjusted to the issues involved; but as the verdict, under the evidence, was manifestly right, it should not be disturbed.          *Judgment affirmed.*

August 3, 1896.

Complaint for land.   Before Judge Clark.   Rockdale superior court.   October term, 1895.

Suits to recover seventy acres of land in the northeast corner of lot 305 in formerly Newton, now Rockdale county, were brought by Thomas H. Smith and others, children and heirs at law of Hillman Smith and his wife Amanda R., and by certain grandchildren whose parents were dead.   The youngest child of Hillman and Amanda R. Smith was born in 1852 and died in 1880.   Hillman Smith died in 1854, in possession of lot 305, which had been conveyed to him in 1850 by deed reciting a consideration of $305.   His widow, Amanda R., was appointed administratrix of his estate by the court of ordinary of Newton county, which court, on September 3, 1855, passed an order granting her leave to sell the real estate of the deceased, for the benefit of his heirs and creditors.   She applied to the superior court of Newton county for dower, stating in her application that Hillman Smith died on June 15, 1854, possessed of lot 305.   Upon this application with the return of commissioners, the land in dispute was set apart to her as dower by the judgment of said court, on October 31, 1855.   On November 6, 1855, two deeds were made: one by Mrs. Smith as administratrix to William Wright (who was her father), this deed reciting a public sale of the land conveyed; the other by Wright to Mrs. Smith individually.   Each of them recites a consideration of $180, and conveys lot 305 containing 202½ acres, "with the ex-

ception of the widow's dower recently laid off." On October 21, 1857, Mrs. Smith, by deed reciting a consideration of $250, conveyed to Henry Wilson the same property as described in the two deeds last mentioned; and on the same day she conveyed, by separate deed reciting a consideration of $50, "all her right and title to dower" in lot 305, the same being one third of said lot in the northeast corner thereof, in fee simple, with warranty. On December 7, 1857, she as administratrix conveyed to said Wilson, by deed reciting a consideration of $38, and further reciting that it was made agreeably to the order granting her leave to sell (already mentioned), "a parcel of land belonging to the estate of said deceased," situate in Newton county, "known and distinguished as part of lot 305 in the 16th district, containing sixty-seven and three quarter-acres." This deed was recorded on November 28, 1859. Mrs. Smith had remained in possession of the land in dispute, from the time of her husband's death until she sold it to Wilson, when she moved away, and he entered possession and so remained until December 5, 1879, when he sold the land to Mrs. Camp, making her a warranty deed, which was recorded in the same month. She remained in undisturbed possession until 1889, when she sold to defendants who have since held the possession. Mrs. Smith died in 1894, and these suits (which were tried together) were brought on March 9, 1895. Mrs. Camp testified that she believed the title all right when she purchased; and each of defendants testified that he knew of no adverse claim when he purchased, and believed he was getting a good title. For plaintiffs, there was testimony that the land embraced in the dower assigned to Mrs. Smith was worth in 1857 five dollars or more per acre. Thomas H. Smith testified, that all the plaintiffs, except the wife of W. B. Smith, reside out of Rockdale county; that witness and all the other plaintiffs always understood that nothing was ever sold by his mother except a life-estate in the dower, and at her

death it would go back to the estate of his father; that none of them knew anything of the deed made by his mother as administratrix to Henry Wilson in 1857, and therefore never ratified and confirmed it; and that about fifteen years ago the father-in-law of one of the defendants visited witness's mother and family in Newton county in reference to the dower, and was told by them that she had only sold a life-interest in the same.   W. B. Smith testified similarly; and added, that the husband of Mrs. Camp came to him before the deed was made by Wilson to her, and inquired of him as to the titles of the dower, and whether or not the heirs of Hillman Smith expected to claim it after her death; and he informed Mr. Camp that Mrs. Smith had only sold a life-interest in her dower, and that at her death the children of Hillman Smith would certainly claim it.

The jury found for the defendants, and plaintiffs' motion for a new trial was overruled.   The grounds of the motion were, that the verdict was contrary to law and evidence, and that the court charged the jury as follows:   "If you believe from the evidence that Mrs. Amanda R. Smith was the administratrix of her husband's estate, and that after dower was assigned to her she sold her dower interest, and afterwards she as administratrix sold the dower land as a part of the estate and in that capacity made a title to the purchser at said sale, and that she then or thereabouts abandoned the possession of the dower land and passed the possession to the said purchaser, such deed and such possession constituted a point of time from which a title by prescription would begin to run; and if you believe from the evidence that the heirs at law were old enough to hold the adverse possession as much as seven years before these suits were instituted, and that the said adverse possession was had for said length of time, their right to recovery would be barred; such deed being good, and good only as color of title, under which, if there has been any adverse and notorious possession for the statutory period as against persons

capable of suing, the defendants would be entitled to prevail." The errors assigned upon this charge are, that it took from the consideration of the jury all questions of the legality, fairness, sufficiency or legal effect of the several deeds made by Mrs. Smith in her individual and representative capacities; and that it was not supported by the evidence.

*J. N. Glenn* and *J. R. Irwin*, for plaintiffs.
*A. C. McCalla*, for defendants.